UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | |
|---|---|
| JERMECA CALDWELL,              )<br>                                              )<br>                       Plaintiff,    )<br>                                              )<br>vs.                                          )<br>                                              )<br>FREDERICK J. HANNA &      )<br>ASSOCIATES, P.C.,               )<br>                                              )<br>                       Defendant.  ) | **Civil Action No. 15-CV-453**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

### I.  INTRODUCTION

1. This action is brought by Plaintiff Jermeca Caldwell for actual damages and statutory damages against Defendant Frederick J. Hanna & Associates, P.C., for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and requires the communication of specific statutory rights.

### II.  JURISDICTION

2. Venue is proper in this district as all relevant events took place here.

3. Jurisdiction for the District Court for the Middle District of North Carolina arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.  Jurisdiction over state law claims arises under 28 U.S.C. § 1367.

### III. PARTIES

4. Plaintiff Jermeca Caldwell is an individual who resides in Durham, North Carolina, and is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

5. Defendant Frederick J. Hanna & Associates, P.C. is a law firm and collection agency located in Marietta, Georgia.

6. Defendant is engaged in the collection of debts from North Carolina consumers using the mail and telephone.

7. Defendant regularly attempts to collect consumer debts alleged to be due to another.

8. Defendant engages, directly or indirectly, in debt collection from consumers.

9. Defendant was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

10. Ms. Caldwell had a credit card issued by FIA Card Services, N.A.

11. Ms. Caldwell was unable to maintain payments to pay for the credit card account, resulting in a balance allegedly owed ("the Debt").

12. The Debt was incurred for personal, family, or household purposes, *i.e.*, food, clothing, and other personal items and/or services for Ms. Caldwell and/or her family.

13. Defendant obtained the Debt after it entered default.

14. By correspondence dated June 9, 2014, Defendant arranged for the preparation and transmittal of a letter to Ms. Caldwell at her residence in an attempt to collect the Debt.

Defendant's June 9, 2014 letter to Ms. Caldwell is attached hereto as <u>Exhibit A</u>.

15. <u>Exhibit A</u> references the debt and contains:

This communication is in reference to your delinquent account as shown below. Please contact our office to make arrangements to pay the unpaid balance.

\*\*\*

Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office within thirty (30) days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a Judgment or verification. If you request this office within thirty (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

<u>Exhibit A</u>.

16. <u>Exhibit A</u> was the initial communication from Defendant to Ms. Caldwell regarding the Debt.

17. <u>Exhibit A</u> does not communicate that a written dispute will result in Defendant obtaining verification or a copy of a judgment and sending it to Ms. Caldwell.

18. "In interpreting the demands of the FDCPA, we bear in mind that the statute was enacted 'to eliminate abusive debt collection practices' which 'contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.' 15 U.S.C. § 1692(a), (e)." *Miller v. Payco-General American Credits, Inc.*, 943 F.2d 482, 483-84 (4th Cir. 1991).

19. Section 1692g(a) expressly requires all debt collectors to communicate five

pieces of information to every consumer.

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

20. Section 1692g(b) explains the effect of a written dispute made pursuant to Section 1692g(a)(4).

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

15 U.S.C. § 1692g(b).

21. By failing to tell Ms. Caldwell that a request for verification must be made "in writing" (as required by Section 1692g(a)(4)), in order to receive verification, Defendant failed to communicate information to Ms. Caldwell that is required by the FDCPA. The failure to communicate the information required by Section 1692g(a)(4) could have a serious effect on a consumer such as Ms. Caldwell, because she would not know that only a written dispute would require Defendant both 1) to send verification; and 2) to cease collection efforts in line with Section 1692g(b). Indeed, "most individual consumers are unaware of their rights under the FDCPA." *Schwarm v. Craighead*, 233 F.R.D. 655, 664 (E.D.Cal. 2006). *See also Acik v. I.C. System, Inc.*, 251 F.R.D. 332, 337 (N.D.Ill. 2008); *Osborn v. Ekpsz*, 821 F.Supp.2d 859, 870 (S.D.Tex. 2011).

22. "Every district court to consider the issue has held that a debt collector violates §1692g(a) by failing to inform consumers that requests under subsections (a)(4) and (a)(5) must be made in writing. *See*, *e.g.*, *Bicking*, 2011 U.S. Dist. LEXIS 48623, 2011 WL 1740156, *3-4 (E.D. Va. May 5, 2011); *Beasley v. Sessoms & Rogers, P.A.*, 2010 U.S. Dist. LEXIS 52010, 2010 WL 1980083, at *6-7 (E.D.N.C. Mar. 1, 2010); [four additional cases omitted]." *Osborn*, 821 F.Supp.2d at 870. Here, Defendant did not even attempt to comply with Section 1692g(a)(4), but instead chose to exclude the required language altogether.

23. Plaintiff demands a trial by jury over all claims.

V. **COUNT ONE - FAIR DEBT COLLECTION PRACTICES ACT**

24. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

25. Defendant's violations of the FDCPA include, but are not limited to:

    A) failing to inform consumers that their request for verification of the alleged debt must be "in writing" in violation of 15 U.S.C. § 1692g(a)(4); and

    B) using any false, deceptive, or misleading representation or means in connection with the collection of any debt in violation of 15 U.S.C. §§ 1692e and e(10).

26. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs, and reasonable attorney fees.

## VI. REQUEST FOR RELIEF

WHEREFORE, Plaintiff Earthling Caldwell requests that judgment be entered in her favor against Defendant Frederick J. Hanna & Associates, P.C. for:

1. Actual damages in an amount to be determined by a jury;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

4. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

5. For such other relief as the Court may find to be just and proper.

Dated: June 8, 2015

        **LAW OFFICES OF JOHN T. ORCUTT, P.C.**

        /s Edward C. Boltz
        Edward Boltz
        North Carolina State Bar Number: 23003
        1738 Hillandale Road, Suite D
        Durham, North Carolina 27705
        (919) 286-1695; (919) 286-2704 (facsimile)
        eboltz@johnorcutt.com

        ATTORNEY FOR JERMECA CALDWELL